UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CRYSTAL EASTWOOD and IVEY
EASTWOOD,

               Plaintiffs,

      v.                                        Civil No. 05-1579-HA

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, aka AMERICAN        OPINION AND ORDER
FAMILY INSURANCE GROUP; and
AMERICAN FAMILY INSURANCE
COMPANY,

               Defendants.
_____

HAGGERTY, Chief Judge:

      This matter comes before the court on defendants American Family Mutual

Insurance Company and American Family Insurance Company's (together, defendants or

American Family) Motion for Partial Summary Judgment [29] and plaintiffs Crystal and

PAGE 1 - OPINION AND ORDER

Ivey Eastwood's Motion for Leave to File First Amended Complaint [20].  Defendants

move for summary judgment on plaintiffs' claims for breach of contract, breach of

fiduciary duty and attorney fees.  Defendants also move for summary judgment on all

claims brought by plaintiff Crystal Eastwood.  Plaintiffs move to file a first amended

complaint to add a claim for punitive damages.

**BACKGROUND**

On July 9, 2003, Ivey Eastwood caused an automobile accident when she hit

another car which then hit a pedestrian, Braudilio Pereirra Vivero (Pereirra Vivero).

Pereirra Vivero was seriously injured, and had his right leg amputated as a result of the

accident.  Pereirra Vivero retained an attorney and asserted a claim against both drivers

involved in the accident.

Ivey Eastwood was insured by American Family, with liability limits of $100,000

per claimant.  As of September 2003, American Family had assessed the claim as

presenting a potential for exposure to excess liability.  American Family did not offer

policy limits at that time because of remaining questions it had regarding hospital liens.

On April 5, 2004, Pereirra Vivero's attorney sent a letter to American Family which

included the following:

> I am authorized to accept your insured's liability policy limits for this claim.
> I consider Mr. Pereirra's personal injury claim worth in excess of $1,000,000
> and I am authorized to keep the policy limit offer open for only 20 days.
> Please notify me promptly if you need additional information or there is any
> problem with this request.

American Family did not respond within 20 days. On May 25, 2004, approximately

25 days after the time limit expired, American Family offered the full policy limits for

settlement of the claim against the Eastwoods. By this time, however, Perierra Vivero had already filed suit in state court against Ivey Eastwood, and her parents Crystal and Glen Eastwood, seeking damages in excess of $5 million. American Family retained defense counsel for the Eastwoods. Glen and Crystal Eastwood were dismissed from Pereirra Vivero's lawsuit prior to trial. On July 20, 2005 Pereirra Vivero obtained a judgment for $1,090,256.16 against Ivey Eastwood. American Family paid its policy limits of $100,000 toward the judgment, but the rest of the judgment remains uncollected.

Crystal and Ivey Eastwood now assert claims for breach of contract, negligence, and breach of fiduciary duty against American Family. They also seek attorney fees under ORS 742.061. Plaintiffs also seek leave to file a first amended complaint to include a claim for punitive damages.

**STANDARDS**

**1.    Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go

beyond the pleadings and identify facts which show a genuine issue for trial. *Id*. at 324.

Assuming that there has been sufficient time for discovery, summary judgment should be

entered against a "party who fails to make a showing sufficient to establish the existence of

an element essential to that party's case, and on which that party will bear the burden of

proof at trial." *Id*. at 322.

Special rules of construction apply to evaluating summary judgment motions:  (1)

all reasonable doubts as to the existence of genuine issues of material fact should be

resolved against the moving party;  (2) all inferences to be drawn from the underlying facts

must be viewed in the light most favorable to the nonmoving party; and (3) the court must

assume the truth of direct evidence set forth by the nonmoving party if it conflicts with

direct evidence produced by the moving party. *T.W. Elec. Serv. v. Pac. Elec. Contractors*,

809 F.2d 626, 630 (9th Cir. 1987).  When different ultimate inferences can be reached,

summary judgment is not appropriate. *Sankovich v. Life Ins. Co. of N. Am.*, 638 F.2d 136,

140 (9th Cir. 1981).

## 2.    Motion to Amend

Under Fed. R. Civ. P. 15(a), leave to amend shall be freely given, but courts have

identified four factors to consider when determining the propriety of a motion to amend:

(1) bad faith, (2) undue delay, (3) prejudice to the opposing party and (4) futility of

amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987).  A

proposed amendment is considered futile if "no set of facts can be proved under the

amendment to the pleadings that would constitute a valid and sufficient claim or defense."

*Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1998).  Futility alone can justify

the denial of a motion for leave to amend.  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

## ANALYSIS

**1.      Defendant's Motion for Partial Summary Judgment**

   **a.      Crystal Eastwood's Claims**

   Defendant argues that Crystal Eastwood's claim against American Family should be dismissed because no excess judgment was obtained against her and her tortious misconduct claim is deficient as a matter of law.

   According to the complaint, Crystal Eastwood alleges that as a result of American Family's acts or omissions in the course of handling and attempting to settle Pereira Vivero's suit, Crystal Eastwood sustained economic damages of $30,000 for past and future medical and physiological care, as well as lost wages.  She also seeks $500,000 in non-economic damages.  Crystal Eastwood, however, was dismissed from the underlying suit filed by Pereirra Vivero, and she was not found liable for any excess judgment. Plaintiffs claim that American Family negligently caused foreseeable emotional harm by not adequately defending Crystal Eastwood in Pereirra Vivero's lawsuit.

   In order to succeed on a claim for negligent infliction of emotional distress when no physical injury is alleged, plaintiffs must show that defendants' conduct infringed on a legally protected interest of plaintiffs and that the infringement of that interest is of sufficient importance to warrant an award for damages.  *McCulloch v. Price Waterhouse, LLP*, 971 P.2d 414, 422 (Or. App. 1998).  In *McCulloch*, plaintiff sought damages for

emotional distress allegedly caused by the defendants' accounting negligence and breach of

fiduciary duty.   The Oregon Court of Appeals rejected plaintiff's argument, holding that:

> Assuming, without deciding, that defendants' conduct, as alleged, infringed
> on a legally protected interest of plaintiff, we hold that the infringement of
> that interest is not of sufficient importance to warrant an award of damages
> for emotional distress.  The underlying interest arises from the relationship
> between plaintiff as a client and defendants as accountants.  *Even though the
> relationship is fiduciary in nature, it is fundamentally an economic one.*

971 P.2d at 422 (emphasis added).  American Family does not dispute that the relationship

between it and Crystal Eastwood gives rise to a "legally protected interest," but defendants

do claim that the invasion of the interest is not of sufficient import as to warrant an award

of damages, as was found in *McCulloch*.  Since the relationship between the American

Family, insurer, and Crystal Eastwood, insured, is primarily economic in nature, Crystal

Eastwood cannot recover for negligent infliction of emotional distress.  Therefore, her

claims against American Family are dismissed.

       **b.**      **Breach of Contract**

      Defendants argue that plaintiffs' breach of contract claim is legally insufficient

because the standard for determining whether an insurer can be liable for a failure to settle

claims against an insured is a tort standard, not a contract standard, and therefore the

applicable action is solely for negligence.  Further, defendants argue that even if plaintiffs

can recover under both tort and contract, plaintiffs' breach of contract claim still fails as a

matter of law because both plaintiffs only seek extra-contractual damages and no specific

contractual provisions were allegedly breached.  Plaintiffs argue that American Family

breached its specific contractual obligation to "defend any suit or settle any claim for

damages payable under this policy as we think proper" by not responding to the policy

limits demand letter.  Further, plaintiffs argue that when the insurer subjects the insured to

liability for an excess judgment, Oregon law recognizes both contract and tort claims.

American Family relies on *Georgetown Realty, Inc. v. Home Ins. Co.*, 831 P.2d 7

(Or. 1992), to assert that plaintiffs' claim must be grounded in tort, not contract.

*Georgetown Realty* establishes the principle that a failure to settle claim may be brought in

negligence. The court in *Georgetown Realty* specifically held:

> When a liability insurer undertakes to "defend," it agrees to provide legal
> representation and to stand in the shoes of the party that has been sued.  The
> insured relinquishes control over the defense of the claim asserted.  Its
> potential monetary liability is in the hands of the insurer.  That kind of
> relationship carries with it a standard of care that exists independent of the
> contract and without reference to the specific terms of the contract.
> Therefore plaintiff's excess claim can be brought as a claim for negligence.

831 P.2d at 14 (citations omitted).  *Georgetown Realty*, however, does not go as far as to

say that this sort of claim must only be brought in tort, and not in contract.  In fact,

*Georgetown Realty* specifically states, "[i]n some situations, a party may be able to rely on

either a contract theory or a tort theory or both." 831 P.2d at 12.  It is correct, as American

Family claims, that plaintiffs have not alleged that any specific contractual obligation,

other than the duty to defend, was breached by American Family.  But *Georgetown Realty*

does not state that breach of this duty *must* be brought in tort; it only establishes that it *may*

be brought in tort.  Therefore, plaintiff Ivey Eastwood's breach of contract claim is not

improper, and defendants' motion for summary judgment on this issue is denied.

      **c.**      **Breach of Fiduciary Duty**

Defendants argue that plaintiffs' breach of fiduciary duty claim is insufficient as a matter of law because breach of fiduciary duty is not a separate tort in this action, and is instead just a statement of the standard of care owed to the insured by the insurer.

*Georgetown Realty* speaks directly to this point:

> The parties have referred to plaintiff's second claim as a claim for "breach of a fiduciary duty." This is a correct appellation in the same sense that one would state a claim for "breach of a physician's duty," "breach of a lawyer's duty," or "breach of a landlord's duty." In each case, the duty is one created by law, the duty is one that arises from the relationship between the parties, and the action is in the nature of an action on the case. The form of action for a claim against a fiduciary for breaching a duty of care arising from the relationship is not materially different from a claim against a physician, a lawyer, or an engineer for breaching a duty of care arising from such a relationship. Notwithstanding repeated references by this and other courts to a "breach of fiduciary duty," the form of action is the same, and the theory of recovery–breach of the duty of care that the law implies from the relationship–is the same.

*Georgetown Realty*, 831 P.2d at 14, n.7. Since American Family can be liable to plaintiffs for breach of fiduciary duty only if plaintiffs prove that American Family was negligent, plaintiffs should not be allowed to maintain separate claims for breach of fiduciary duty and negligence. Accordingly, plaintiffs' claim for breach of fiduciary duty is dismissed.

**d.    Attorney Fees**

American Family argues that ORS 742.061 only applies to excess liability claims brought under contract, and if the court dismisses plaintiffs' claim for breach of contract, the court must also dismiss plaintiffs' attorney fees claim. ORS 742.061 provides, in part:

> [I]f settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon.

ORS 742.061(1). Oregon case law is clear that ORS 742.061 allows for attorney fees only

for a claim in contract, and not a tort claim.  *See Goddard v. Farmers Ins. Co. of Oregon*,

33 P.2d 1075 (Or. App. 2001) (holding that the attorney fee statute applies only to a

contract claim and does not apply to an excess liability claim framed in terms of

negligence.)  However, since plaintiff Ivey Eastwood has maintained a claim for breach of

contract, defendants' motion for summary judgment on the issue of attorney fees is denied.

**2.**    **Motion to Amend**

Plaintiffs have filed a Motion for Leave to File First Amended Complaint, which

includes a claim for punitive damages.  Defendants oppose this motion on the grounds that

a claim for punitive damages is futile because plaintiffs have not alleged specific facts

required by Oregon law.

Under Oregon law, punitive damages are allowed if plaintiffs prove "by clear and

convincing evidence that the party against whom punitive damages are sought has acted

with malice or has shown a reckless and outrageous indifference to a highly unreasonable

risk of harm and has acted with a conscious indifference to the health, safety and welfare of

others."  ORS 31.730(1).  Oregon law also forbids a party from pleading punitive damages

in the initial complaint and instead requires the party to request leave to amend the

complaint to add punitive damages with supporting affidavits and documentation.

However, this district has held that federal procedural rules regarding pleading and

discovery control amendments to include punitive damages in diversity cases in federal

court. *See Pruett v. Erickson Air-Crane Co.*, 183 F.R.D. 248 (D. Or. 1998) (holding that

the prerequisite evidentiary showing required in state court by ORS 18.535 (now ORS 31.730) does not apply in federal court).

Because plaintiffs have met the liberal pleading standard established by Fed. Rule Civ. P. 15(a), plaintiffs' Motion for Leave to File First Amended Complaint [20] is granted.

**CONCLUSION**

Defendants' Motion for Partial Summary Judgment [29] is granted in part and denied in part.  Plaintiffs' Motion for Leave to File First Amended Complaint [20] is granted.

IT IS SO ORDERED.

DATED this  12   day of October, 2006.


          /s/ Ancer L. Haggerty
          Ancer L. Haggerty
       United States District Judge