**Ronald J. Clark, OSB #88032**
Email:  ron.clark@bullivant.com
**Lloyd Bernstein, OSB #00203**
Email:  lloyd.bernstein@bullivant.com
**BULLIVANT HOUSER BAILEY PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| IVEY EASTWOOD,<br><br>          Plaintiff,<br><br>   v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, aka AMERICAN FAMILY INSURANCE GROUP,<br><br>         Defendant. | Civil No.: CV-05-1579-HA<br><br>**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |

## SUMMARY OF OPPOSITION

Defendant has been open and liberal about providing documents and witnesses for deposition regarding American Family's handling of the claim asserted against Ivey Eastwood and the subsequent litigation against Ms. Eastwood up through the trial and resulting Judgment in the underlying case.  However, plaintiff has continued to demand additional discovery and witness depositions from defendant, even including plaintiff's present attempt to obtain discovery of defendant's attorneys' mental impressions and

Bullivant|Houser|Bailey PC

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon  97204-2089
Telephone: 503.228.6351

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Page 1

evaluations of this bad faith extra-contractual suit that plaintiff is presently prosecuting. This court has previously denied plaintiff's efforts in this respect and should do so again.

## ARGUMENT IN OPPOSITION

1.  **The Evidence Plaintiff Seeks to Compel is Clearly Privileged Pursuant to the Work Product Doctrine**

    A.  **Scope of the Work Product Doctrine.**

    The work product doctrine generally protects documents prepared "in anticipation of litigation," absent a showing of "substantial need" of the documents that the party cannot obtain from other sources without "undue hardship." Fed. R. Civ. Proc. 26(b)(3). "In federal courts, work product issues are governed, even in diversity cases like this, by the uniform federal standard embodied in Rule 26(b)(3)." *Wikel v. Wal-Mart Stores, Inc.*, 197 F.R.D. 493, 495 (N.D.Okla. 2000) (*citing Frontier Refining Inc. v. Gorman-Rupp Co., Inc.,* 136 F.3d 695, 702 n. 10 (10th Cir.1998)).

    The court in *Wikel* aptly set out the analysis for determining if the work product protection applies:

    > "To sustain a claim of work product protection, Defendant must demonstrate that the documents at issue were prepared in anticipation of litigation by or for Defendant or by or for Defendant's representative. If Defendant can make the required showing to establish work product protection for certain documents, Plaintiff can obtain production of those documents only if he can demonstrate that he has "substantial need of the materials in the preparation of [his] case and that [he] is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3). If work product documents are produced to Plaintiff based on Plaintiff's substantial need, the Court will ensure that the mental impressions, conclusions, opinions, or legal theories of Defendant's representatives are not disclosed.

    *Wikel*, 197 F.R.D. 493, at 495.

    In *Wikel*, the court found that portions of the relevant claims file were prepared in anticipation of litigation and it extended work product protection to those materials preventing their disclosure. *Id.* at 496. The court noted that although involvement "of an

Bullivant|Houser|Bailey PC

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone: 503.228.6351

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Page 2

attorney is not dispositive of the 'in anticipation of litigation' issue" the "involvement of an attorney is a highly relevant factor," which "makes it more likely than not that the focus has shifted toward litigation, making materials more likely to have been prepared in anticipation of litigation." *Id.* at 495. The key question is whether the "focus shifted from routine claims investigation to anticipation of litigation." *Id.* In *Wikel*, the court found that the focus shifted when the plaintiff told the adjuster that he would get an attorney if defendant did not pay his claim. *Id.*

> **B.** **This court has already ruled that the evidence now being sought by plaintiff is "privileged as work product."**

The documents that plaintiff seeks to compel were previously submitted to the court, *in camera,* by the defendant and the court unequivocally ruled that the documents were "privileged as work product."[1] Because this court has already ruled that the materials are privileged, defendant has met its burden. Plaintiff's position that defendant must now meet that burden again ignores this court's prior ruling. Plaintiff's end-around attempt at reconsideration is unsupported and should be denied for that reason alone.

Regardless, plaintiff's reliance on the unpublished decision in *CH2M Hill, Inc. v. Houston General Ins., Co.*, 1999 WL 1279369 (D. Or. 1999) for the proposition that the evidence in question is somehow now not privileged is misplaced. First of all, *CH2M Hill* is not a failure to settle case, but a case wherein the insured was looking for coverage from the defendant as an additional insured. The evidence at issue in the *CH2M Hill* case concerned the insurer's "coverage analysis" with respect to the underlying action. Simply stated, the materials in question concerned the insurer's investigation concerning CH2M Hill's demand for coverage. The court found that those claim materials were not prepared in anticipation of litigation, but as part of adjusting the claim. *Id.*

Here, the evidence sought was clearly prepared in anticipation of litigation, as the

---

[1]   See court docket No. 37.

**Bullivant|Houser|Bailey PC**

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
**Page 3**

court has already ruled.  The evidence sought does not concern the underlying auto collision, as plaintiff contends, but concerns American Family's in-house counsel's mental impressions, conclusions, and opinions in response to the underlying plaintiffs' attorney's known and clear threat of an extra-contractual suit.  Simply because the documents and/or testimony may have existed before the underlying case went to trial does not, contrary to plaintiff's unsupported position, defeat the privilege.  The underlying plaintiff's lawyer made it abundantly clear that it was his intent to set American Family up for a bad faith claim and advised his client not to accept any settlement offer after the unilaterally imposed settlement demand date expired on April 25, 2004[2], roughly seven months before the first, of the several, communications plaintiff now seeks to compel.

**C.    There is no *per se* bad faith exception to the application of the work product privilege.**

Contrary to plaintiff's contention, there is no *per se* bad faith exception to the work product doctrine.  Plaintiff miscites Jeff Anderson's Cornell Law Review article, The Work Product Doctrine, 68 Cornell L. Rev. 760 (1983), for the general proposition that there is a generally accepted bad faith exception to the work product privilege.  The relevant discussion in the article primarily focuses on the split amongst the jurisdictions as to whether or not there is an "at issue" exception to the work product privilege.  And the "at issue" exception most frequently arises "when parties assert a claim or defense based on the 'advice of counsel.'" *Id.* at 832.  The overwhelming majority of cases cited in the article on this point, and for that matter, by plaintiff in her brief, are cases from those jurisdictions that adhere to the "at issue" exception as it relates to the "advice of counsel" defense.  Advice of counsel is not at issue in this case.

Plaintiff further contends that there is a second exception when a party fails to settle

---

[2]  See Attorney Robinowitz' May 10, 2006 deposition testimony attached as Exhibit A (pp. 43:23 – 44:4)

Bullivant|Houser|Bailey PC

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Page 4**

in bad faith. Plaintiff plainly misconstrues the language in the article that it relies upon in support of her position. The cited language does not relate to a failure to settle situation, which is plaintiff's theory in this case, but rather, to a situation where a settlement is premised upon on another party's bad faith or litigation is initiated in bad faith.[3] Both of those situations clearly put counsel's mental impressions and the like "at issue," but communications with corporate counsel and risk management concerning the real threat of a separate bad faith suit against the company, the core of what is at issue here, does not.

The plaintiff's reliance on *Holmgren v. State Farm Mutual Auto Ins., Co.,* 976 F.2d 573 (9th Cir. 1992) for the proposition that there is a *per se* bad faith exception to the work product privilege is also misplaced. The *Holmgren* case involved an injured plaintiff's ability to directly sue the tort feasor's insurer for bad faith, prior to judgment, which is allowed under Montana law, but not a viable cause of action in Oregon. Moreover, the evidence sought in *Holmgren* was claim file documentation concerning the insurer's "valuation" of the underlying claim, which is quite different from what the plaintiff seeks here. The Montana Supreme Court ordered that the evidence be produced, even though it acknowledged it was work product, because the evidence concerned "the viability of the underlying claim." *Id.* at 578. Here, all of the information concerning how American Family valued the underlying plaintiff's claim against its insured has been produced. The evidence in question concerns American Family's preparation for the underlying plaintiff attorney's clear threat of an independent bad faith law suit directly against American Family,

---

[3] The article cites *Handguards, Inc. v. Johnson & Johnson*, 413 F. Supp. 926 (N.D. Cal. 1990), as its primary example of the exception. In that case, "a manufacturer claimed that a competitor had instituted a series of patent infringement suits in bad faith as part of a conspiracy to restrain trade and monopolize the industry. The plaintiff attempted to depose three lawyers primarily responsible for prosecuting the patent infringement suit for the defendants and subpoenaed documents reflecting the lawyer's opinions on the merits of that litigation. The court held the documents discoverable because 'The principle issue in the case…was the good faith of the defendant in instituting and maintaining the prior patent litigation against the plaintiff.'"

**Bullivant|Houser|Bailey PC**

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Page 5**

not the underlying claim against Ms. Eastwood.

The plaintiff's reliance on *Brown v. Superior Court*, 670 P.2d 725 (Arizona 1983) is misplaced as well. The *Brown* decision concerned the insured's ability to obtain claim file materials related to the adjustment of a first party fire loss. In the *Brown* case, there was no underlying action as it was a direct action by an insured against his insurer concerning the insured's property loss. The court ruled, in sum, that the file on the adjustment of the claim, even those materials potentially prepared in anticipation of litigation, were generally not protected by the work product privilege in a first party case because the insured and its insurer are essentially in an adversarial position from the beginning. *Id.* at 734-35.

A first party case is an entirely different animal than the third party liability case presented here. All of the claims materials on how American Family attempted to handle the underlying claim against its insured have been produced, including the adjuster's notes and entries and related materials. Again, the evidence at issue here concerns not the underlying case, but the separate threat of the present bad faith action. Thus, *Brown*, and for the same reasons, *Yurick ex rel. Yurick v. Liberty Mut. Ins. Co.*, 201 FRD 465 (D. Arizona 2001) cited by plaintiff, provides little, if any, guidance on the work product privilege issue presented by this case.

Based on all of the above, the evidence and testimony sought by plaintiff is protected from disclosure pursuant to the work product privilege, and plaintiff has offered no justification for the court to reverse its prior decision on this very same issue.

**2.    The Attorney Client Privilege Further Protects Witnesses Slack and Ness from being Deposed.**

   **A.    Scope of the Attorney Client Privilege.**

Communications from *all* corporate employees to in-house counsel, not only communications from the so-called "control group" of employees (those "officers who play a 'substantial role' in deciding and directing a corporation's legal response"), are covered by

Bullivant|Houser|Bailey PC

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Page 6**

the attorney client privilege. The determination as to whether the privilege applies to a particular communication from a particular employee is determined on a case-by-case basis. *See Upjohn Co. v. United States*, 449 U.S. 383, 393, 396-97, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) (rejecting the limited "control group test"). Courts generally agree that confidential communications between in-house counsel and its corporate client (both from the attorney to the client and from the client to the attorney) are privileged to the same extent as communications between outside counsel and its client. *Rossi v. Blue Cross and Blue Shield of Greater New York*, 540 N.E.2d 703, 704 (N.Y. 1989).

Because no specific test exists for distinguishing between protected legal communications and unprotected business or personal communications, a determination as to whether the privilege applies is a fact-specific one. For example, in *Rossi*, *supra*, New York's highest court, although noting that "not every communication from staff counsel to the corporate client is privileged," found that a memorandum from a corporate staff attorney to a corporate officer containing advice about an imminent defamation action against the company fell within the scope of the attorney client privilege. *Rossi*, 540 N.E.2d at 705.

## B. The Attorney Client Privilege applies here to protect Slack and Ness.

Contrary to plaintiff's position, neither Slack or Ness were "adjusting" the underlying claim. As the court can decipher from their Declarations, Slack, as corporate counsel, and Ness, as a risk manager, were only involved because of the anticipation of the potential bad faith suit.[4] Attorney Hunt was providing them both with his impressions, opinions and advice, not as a business advisor as plaintiff blindly asserts, but in his legal capacity as in-house counsel. Plaintiff cites no evidence to support its position that Slack and Ness "advised [Mr. Hunt] and directed decision making on the auto collision litigation." As their Declarations make clear, plaintiff's argument is entirely untrue. Slack and Ness were only

---

[4]  See Declarations of Ken Slack and Bob Ness submitted herewith.

**Bullivant|Houser|Bailey PC**

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
**Page 7**

brought into the loop because of the clear threat of an extra-contractual case. Because Slack
and Ness were not acting as "claims adjusters," the attorney client privilege remains intact.
See *Rossi, supra.* And plaintiff's counsel has offered no authority to the contrary.

      C.     **The Attorney Client Privilege has not been waived.**

      Moreover, plaintiff has offered no evidence whatsoever that American Family
somehow "waived" the attorney client privilege. First, plaintiff's contention that "defendants
<u>will</u> put facts into evidence sufficient to waive any attorney client privilege" is entirely
speculative. Regardless, Slack and Ness were not, in any way, involved in the underlying
claim, and therefore plaintiff's reliance on *State Farm Mut. Auto. Co., v. Lee,* 13 P.3d 1169
(Arizona 2000) to support her waiver argument is misplaced. In *Lee,* the claim adjuster
relied on the attorney's opinion that coverages could be "stacked" in the underlying action
and therefore put those attorney client communications "at issue." Such is not the case here.
The evidence is to the direct contrary.[5] There is no evidence that either Slack or Ness
"controlled the negotiations during the auto collision case" as plaintiff contends, and, in fact,
neither was involved in those negotiations. These two gentlemen were simply advised of the
threat of the extra-contractual case because of their respective corporate positions with
American Family. Thus, there has been no waiver of the attorney client privilege as plaintiff
contends.

<u>CONCLUSION</u>

      The court has previously ruled that the documentary evidence sought is privileged as
work product. Because the materials are opinion work product, plaintiff is not entitled to the
materials even if it could, which she has not, prove "substantial need." It is undisputed that
American Family is not relying on the "advice of counsel" defense and therefore the "at
issue" exception to the work product privilege does not apply. Plaintiff's motion to compel

---

[5] See Slack and Ness Declarations.

Bullivant|Houser|Bailey PC

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Page 8**

the subject documents should be denied accordingly.

For the same reasons, plaintiff's motion to compel testimony from corporate legal counsel, Ken Slack, and corporate risk manager, Bob Ness, should be denied.  In addition to the work product privilege, the testimony sought is privileged pursuant to the attorney client doctrine – as communications by and between corporate counsel and corporate risk management.  Plaintiff's waiver argument fails as a matter of law and Messrs. Slack and Ness should not be required to give testimony.

Plaintiff's motion to compel should be denied in its entirety accordingly.

DATED this 15th day of December, 2006.

BULLIVANT HOUSER BAILEY PC


By:_____/s/ *Lloyd Bernstein*_____.
      Ronald J. Clark, OSB #88032
      Lloyd Bernstein, OSB #00203
      300 Pioneer Tower
      888 SW Fifth Avenue
      Portland, Oregon  97204-2089
      Telephone: 503.228.6351
      Facsimile: 503.295.0915

      Attorneys for Defendant

10316113.1

Bullivant|Houser|Bailey PC

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY
Page 9**