UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CRYSTAL EASTWOOD and IVEY
EASTWOOD,

        Plaintiffs,

    v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, aka AMERICAN
FAMILY INSURANCE GROUP; and
AMERICAN FAMILY INSURANCE
COMPANY,

        Defendants.

Civil No. 05-1579-HA

ORDER

HAGGERTY, Chief Judge:

On December 4, 2006, plaintiff Ivey Eastwood filed a Motion to Compel Relevant

Testimony and Documents [56]. Plaintiff moves the court to compel defendants to (1)

PAGE 1 - ORDER

permit defense witnesses Brian Hunt and Richard Brown to answer questions related to investigations, evaluations and conclusions about defendant American Family's claims processing in the underlying automobile collision case, (2) permit depositions of Ken Slack and Bob Ness, Brian Hunt's attorney supervisors, to answer questions on the same topic, and (3) produce the five documents listed on the defendant's privilege log, previously shielded by the court as privileged work product. This motion is denied.

## 1.     Questions directed at Brian Hunt and Richard Brown

Plaintiff argues that Brian Hunt, in-house counsel for American Family, should be ordered to answer questions about his evaluation and conclusions regarding defendants' claims handling process, the existence of negligence or bad faith on the part of American Family, and defendants' decision to offer no more than the single individual policy limits. Plaintiff also argues that both Brian Hunt and Richard Brown should be ordered to answer who at American Family had the most knowledge regarding American Family's internal investigation regarding Steve Manning's handling of the claims process. Defendants object that these questions implicate attorney work product.

The testimony sought by plaintiff goes to the bad faith suit and not the underlying automobile collision case, and therefore was prepared in anticipation of litigation. Because the testimony sought by plaintiff is protected from disclosure pursuant to the work product privilege, plaintiff's motion to compel this testimony is denied

## 2.     Deposition of Ken Slack and Bob Ness

Defendants object to any deposition of Ken Slack and Bob Ness, asserting that they have no knowledge of the underlying case and that they are shielded by the attorney-client

and/or work product privileges. Plaintiff argues that Hunt's deposition testimony indicates that both Slack and Ness were American Family's decision-makers in the automobile collision case. Defendants' objections are well-taken. The court denies plaintiff's motion to compel the depositions of Ken Slack and Bob Ness, as the evidence presented shows that both were only involved because of the anticipation of the potential bad faith suit, and not in the underlying automobile collision case.

**3.      Previously Shielded Documents**

Plaintiff's request that the court reconsider its July 10, 2007 Order [34], finding, after *in camera* review, that five documents prepared by or sent to Brian Hunt were privileged as work-product, is denied. Plaintiffs have failed to show any intervening change in controlling law, new evidence, or error in this case justifying reconsideration.

## CONCLUSION

Plaintiff's Motion to Compel Relevant Testimony and Documents [56] is DENIED.

IT IS SO ORDERED.

DATED this  6  day of April, 2007.

_____
Ancer L. Haggerty
United States District Judge