UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CRYSTAL EASTWOOD; and
IVEY EASTWOOD,

       Plaintiffs,

     v.                                   Civil No. 05-1579-HA

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, aka AMERICAN    OPINION AND ORDER
FAMILY INSURANCE GROUP; and
AMERICAN FAMILY INSURANCE
COMPANY,

       Defendants.
_____

HAGGERTY, Chief Judge:

      This matter comes before the court on defendants American Family Mutual Insurance Company and American Family Insurance Company's (together, defendants or American Family) Second Motion for Summary Judgment, or Alternatively, Partial Summary Judgment

PAGE 1 - OPINION AND ORDER

[70]. Defendants seek summary judgment on plaintiff's claims for breach of contract, negligence, and punitive damages. The court heard oral argument on this motion on June 11, 2007. For the following reasons, American Family's summary judgment motion is denied.

## BACKGROUND

On July 9, 2003, Ivey Eastwood (Eastwood or plaintiff) caused an automobile accident when she collided with another car, which then struck a pedestrian, Braudilio Pereirra Vivero (Vivero). The pedestrian suffered serious injuries, resulting in his right leg being amputated. Vivero retained an attorney, Charles Robinowitz, and asserted a claim against both drivers involved in the accident.

Eastwood was insured by American Family and carried liability limits of $100,000 per claimant. American Family adjuster, Steve Manning, testified that as of September 2003, he had assessed the claim as presenting a potential for excess exposure. On April 5, 2004, Robinowitz sent a letter to Manning which stated, in part, the following:

> I am authorized to accept your insured's liability policy limits for this claim. I consider Mr. Pereira's personal injury claim worth in excess of $1,000,000 and I am authorized to keep the policy limit offer open for only 20 days. Please notify me promptly if you need additional information or there is any problem with this request.

American Family did not respond within twenty days. Manning eventually offered the full policy limits for settlement of Vivero's claim approximately twenty days after the time limit expired. By that time, however, Vivero had already filed suit in Multnomah County, Oregon against Eastwood, and her parents Crystal and Glen Eastwood, seeking damages in excess of $5 million. Glen and Crystal Eastwood were ultimately dismissed from Vivero's lawsuit prior to trial. On July 20, 2005, Vivero obtained a judgment for $1,090,256.16 against Eastwood.

PAGE 2 - OPINION AND ORDER

American Family paid its policy limits of $100,000 toward the judgment, but the rest of the judgment remains uncollected.

Crystal and Ivey Eastwood brought claims against American Family for breach of contract, negligence, and breach of fiduciary duty and bad faith. They also included a claim for attorney fees. On October 12, 2006, this court granted in part defendants' Partial Motion for Summary Judgment. The motion was granted as to all claims brought by Crystal Eastwood and Ivey Eastwood's breach of fiduciary duty claim, but denied as to Ivey Eastwood's negligence and contract claims. This court also granted plaintiff's Motion to Amend the Complaint to include a claim for punitive damages.

Defendants filed their Second Motion for Summary Judgment on March 8, 2007. Defendants challenge plaintiff's negligence and contract claims by disputing the allegations of "bad faith." Defendants also assert that plaintiff's punitive damages claim must fail as a matter of law.

**STANDARDS**

A party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see Bahn v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). The moving party carries the initial burden of proof and meets this burden by identifying portions of the record on file that demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Once the initial burden is satisfied, the burden shifts to the non-moving party to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Id.*

The court must view the evidence in the light most favorable to the non-moving party. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000) (citations omitted). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *MetroPCS, Inc. v. City and County of San Francisco*, 400 F.3d 715, 720 (9th Cir. 2005) (citation omitted). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981) (citing Fed. R. Civ. P. 56(c)).

Deference to the non-moving party does have some limits. The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The "mere existence of a scintilla of evidence in support of the [non-moving party's] position would be insufficient." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

**1.    Bad Faith Claims**

Defendants posit two primary arguments in support of their Second Motion for Summary Judgment against plaintiff's bad faith claims: (1) The policy limit demand letter American Family received from Vivero's lawyer was equivocal, and (2) American Family's failure to respond to the demand letter within the twenty-day time limit does not, in and of itself, constitute bad faith.

In Oregon, when an insurer "conduct[s] the defense of a claim against an insured . . . the insurer must use such care as would have been used by an ordinarily prudent insurer with no

PAGE 4 - OPINION AND ORDER

policy limit applicable to the claim." *Maine Bonding & Cas. Co. v. Centennial Ins. Co.*, 693 P.2d 1296, 1299 (Or. 1985). The insurer's duty of care "includes the duty to settle the case within the policy limits if it would be reasonable to do so." *Goddard ex. rel. Estate of Goddard v. Farmers Ins. Co. of Oregon*, 22 P.3d 1224, 1227 (Or. App. 2001) (internal citations omitted). "[A]n insurance company may be liable for a failure to accept an unequivocal settlement demand within the policy limits where a judgment in excess of policy limits is likely." *Baton v. Transamerica Ins. Co.*, 584 F.2d 907, 912 (9th Cir. 1978) (citing *Radcliffe v. Franklin Nat'l Ins. Co.*, 298 P.2d 1002 (Or. 1956)).

      Defendants rely on *Baton* for the proposition that a failure to respond to an *equivocal* demand letter within the letter's prescribed time frame does not constitute bad faith. *Baton* states that when "the insured's claim of bad faith is based solely on the failure to respond to a particular settlement demand, the insured must prove the demand contained a firm offer to settle and that the failure to respond to that offer was unreasonable." *Baton*, 584 F.2d at 913. Defendants argue that Vivero's demand letter was not a "firm offer" because it (1) did not guarantee that payment of American Family's policy limits would result in the release of the Eastwoods, (2) did not address known medical liens, and (3) contained contingencies that needed to be satisfied prior to acceptance.

      Defendants' reliance on *Baton* is ill-founded, however, because the holding of that case does not extend to the facts here. In *Baton*, plaintiff's demand letter requested the *combined* policy limits of two insurance company-defendants for a total of $110,000. *Id*. at 909. Plaintiff filed a bad faith claim against one insurer who failed to respond within the ten-day limit prescribed in the demand letter. *Id*. at 910. The Ninth Circuit, applying Oregon state law, found that the insurer was never provided an opportunity to settle for its individual policy limit of

PAGE 5 - OPINION AND ORDER

$10,000 because the demand letter was for the total $110,000 limit of both carriers only. *Id.* at 913. The court concluded that:

> Oregon courts have indicated their openness to excess judgments when the conduct of the insurance company clearly establishes a lack of concern for the interests of the insured, but we have found no Oregon case permitting an insurance company to be set up by carefully ambiguous demands coupled with sudden-death time tables.

Defendants' contention that Vivero's demand letter was of the same ilk as that described in *Baton* is erroneous. Vivero's letter only requested Eastwood's policy limits. Defendants do not argue that the amount requested was unclear or ambiguous. Further, unlike *Baton*, where the insurer failed to respond within the time limit because the demand letter was ambiguous, American Family admits that it "failed to respond within the unilateral deadline because of an honest mistake" on the part of its claims adjuster, Manning. Mem. Supp. Def.'s Second Mot. Summ. J. at 19. From this evidence, a reasonable juror could find that, rather than being a victim of "carefully ambiguous demands," defendants' conduct "establishes a lack of concern for the interests of the insured." *Baton*, 584 F.3d at 914.

There is also a genuine issue of material fact as to whether the demand letter was unequivocal. In his affidavit, Mitchell Frankel, an insurance claims expert, explained that the demand letter was "in a format common in the industry and [] not vague, equivocal, or ambiguous." Aff. Mitchell E. Frankel, ¶ 7. Mr. Frankel stated that it is not "common in the industry for a demand letter to contain all of the potential terms of a settlement." Aff. Mitchell E. Frankel, ¶ 8. This evidence raises a genuine issue of material fact as to whether the demand letter constituted a "firm offer."

Plaintiff also asserts that American Family acted with bad faith because it failed to perform as an "ordinarily prudent insurer with no policy limit applicable to the claim." *Maine*

*Bonding & Cas. Co.,* 693 P.2d at 1299. American Family's claims adjuster, Manning, admits that he understood that Eastwood faced the possibility of excess exposure as of September 4, 2003, approximately seven months prior to the issuance of Vivero's demand letter. Decl. Lloyd Bernstein Supp. Def.'s Second Mot. Summ. J., Ex. at 2 (hereinafter Manning Dep.). As here, where the probability of an excess judgment against the insured is high, an insurance company is not justified in ignoring an unequivocal demand letter. *Cf. Eastham v. Or. Auto. Ins. Co.*, 540 P.2d 364, 368 (Or. 1975) (finding that the insurer "was justified in electing to try the case rather than making the gesture of extending a counteroffer" when its evaluation of the potential judgement was lower than the applicable policy limits).

Moreover, defendants' claim that Manning's failure to respond was unintentional is irrelevant for purposes of refuting an allegation of bad faith. Under Oregon law, the legal standard for bad faith relies upon an objective test and does not inquire into defendants' state of mind. *Maine Bonding,* 693 P.2d at 1299 ("The insurer's duty is best expressed by an objective test: Did the insurer exercise due care under the circumstances"). Because Manning possessed knowledge of the likelihood of excess exposure, his failure to respond, whether inadvertent or not, raises a question of bad faith that requires a jury's determination.

Plaintiff also alleges that American Family acted in bad faith when it falsely notified the Eastwoods that it had offered full policy limits before Vivero filed his lawsuit. Mem. Resp. Def.'s Second Mot. Summ. J. at 4. In letters dated August 23 and September 14, 2004, American Family told the Eastwoods that it had attempted to settle Vivero's claim by offering the $100,000 policy limits prior to Vivero filing his suit. Aff. John M. Colletti Supp. Pls.' Mem. Resp. Defs.' Second Mot. Summ. J., Ex. 7, pg. 1,3. However, Vivero filed suit against the Eastwoods on May 13, 2004, Pls.' CSF, ¶ 29, and American Family admits that it did not agree to pay the $100,000

PAGE 7 - OPINION AND ORDER

limits until May 25, 2004, Defs.' CSF, ¶ 14. Therefore, plaintiff's evidence demonstrates a dispute over a material issue of fact as to whether American Family misled the Eastwoods regarding prior settlement attempts.

For the foregoing reasons, defendants' Motion for Summary Judgment is denied as to plaintiff's bad faith claims.

**2.    Punitive Damages Claim**

Defendants contend that plaintiff's claim for punitive damages fails as a matter of law because Manning "inadvertently" failed to respond to Vivero's demand letter, and neither Manning nor American Family acted with intent, malice, or outrageousness. Mem. Supp. Def.'s Second Mot. Summ. J. at 19. Plaintiff responds that American Family acted with "knowing disregard of the substantial financial risk" faced by plaintiff, and that its conduct "amounted to far more than negligence." Mem. Resp. Def.'s Second Mot. Summ. J. at 13.

Under Oregon law, punitive damages require proof "by clear and convincing evidence that the party against whom punitive damages are sought has acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others." O.R.S. § 31.730(1).

Viewing the evidence in the light most favorable to plaintiff, a reasonable juror could find that American Family acted with malice or reckless indifference to a highly unreasonable risk of harm. Manning acknowledged in his deposition that he was aware of the risk to plaintiff of an excess judgment. Manning Dep. at 2. Manning's testimony supports plaintiff's allegation that American Family knew the potential risk of harm to plaintiff if it failed to settle Vivero's claim.

Moreover, Frankel testified that "[a] demand letter is used within the insurance industry as a written offer to accept policy limits if they are offered within the time frame set forth in the letter." Aff. Mitchell E. Frankel, ¶ 8. Frankel's testimony could convince a reasonable juror that common practice was to place time limits in demand letters, and that Manning knew or should have known that a time limit was included in Vivero's demand letter. Further, the actual presence of the twenty-day time limit in the letter could raise doubts as to Manning's "honest mistake" explanation in the mind of a reasonable juror. Taken together, this evidence reveals a dispute over material facts that should be left to a jury for resolution. The court finds that, based on the evidence provided, a reasonable juror could conclude that American Family acted with "a reckless and outrageous indifference to a highly unreasonable risk of harm." O.R.S. 31.730(1).

For the reasons stated above, defendants' Motion for Summary Judgment is denied as to plaintiff's claim for punitive damages.

## **CONCLUSION**

For the foregoing reasons, the court finds that genuine issues of material fact remain regarding plaintiff's bad faith and punitive damages claims. Accordingly, defendants' Second Motion for Summary Judgment, or Alternatively, Partial Summary Judgment [70] is DENIED.

IT IS SO ORDERED.

DATED this  14  day of June, 2007.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge